VIRGINIA C. REID, PLAINTIFF-APPELLANT, v. DEPART-MENT OF LABOR AND INDUSTRY, DIVISION OF UNEM-PLOYMENT AND DISABILITY INSURANCE, AND GEN-ERAL WAREHOUSE CORP., DEFENDANTS-RESPON-DENTS.

Superior Court of New Jersey
Appellate Division

Submitted November 6, 1978—Decided December 8, 1978.

Before Judges FRITZ and BISCHOFF.

*Mr. Paul M. Cecere,* attorney for appellant.

*Mr. John J. Degnan,* Attorney General of New Jersey, attorney for respondent Board of Review (*Mr. Michael S. Bokar,* Deputy Attorney General, of counsel; *Mr. Herbert J. Sablove,* Deputy Attorney General, on the brief).

PER CURIAM. This is an appeal by petitioner from a determination of the Board of Review affirming a decision of the Appeal Tribunal holding petitioner to be disqualified for benefits and ordering that she refund benefits paid, including those paid in a previous benefit year on a prior claim.

We have no difficulty at all with the determination as to petitioner's disqualification. The finding that "[t]here was no evidence that the work was detrimental to the claimant's health," and the consequent conclusion that "[h]ence, her leaving was without good cause attributable to such work," might reasonably have been reached on sufficient credible evidence in the whole record and we will not disturb them. *Mayflower Securities v. Bureau of Securities,* 64 *N. J.* 85 (1973).

We are persuaded, however, as to the merit of petitioner's argument that she should not have been exposed to liability for a refund with respect to the prior claim without express prehearing notice to her that this liability was to be considered at the hearing.

The notice of hearing sent to petitioner said only,

This hearing is being held to afford all parties the opportunity to present evidence and their side of the case.

THE HEARING WILL COVER THE DETERMINATION APPEALED, THE CLAIMANT'S AVAILABILITY AND SEARCH FOR WORK, AND MAY INCLUDE ANY OTHER MATTERS AFFECTING THE CLAIMANT'S RIGHT TO BENEFITS UP TO THE TIME OF THE HEARING.

Petitioner appeared at the hearing unrepresented. Nothing in the record suggests that she was in any way advised of the refund potential with respect to the earlier claim. In fact, the prefatory statement of the appeals examiner recites that the appeal of the employer then being considered was from a determination favorable to petitioner on the more recent claim.

Petitioner does not contest the right of the Division of Unemployment and Disability Insurance (Division) to require the refund in question. Nor does she contest the authority of the Division "to render a retroactive decision." She merely insists that she was entitled to an "adequate opportunity to prepare and present [her] position" as to all issues, including the refund with respect to the prior claim, and that such an opportunity required a more precise notice of the incipience of that particular issue. We agree at least with respect to a *quasi*-judicial hearing such as this one. As is said in *Morgan v. U. S.,* 304 *U. S.* 1, 58 *S. Ct.* 773, 82 *L. Ed.* 1129 (1938) :

* * * the right to a hearing embraces not only the right to present evidence but also a reasonable opportunity to know the claims of the opposing party and to meet them. The right to submit argument implies that opportunity; otherwise the right may be but a barren one. Those who are brought into contest with the Government in a quasijudicial proceeding aimed at the control of their activities are entitled to be fairly advised of what the Government proposes and to be heard upon its proposals before it issues its final command. [at 18–19, 58 *S. Ct.* at 776.]

The rule in New Jersey may be less demanding in a legislative or *quasi*-legislative hearing. In re *Port Murray Dairy Co.,* 6 *N. J. Super.* 285, 294–295 (App. Div. 1950).

Nor is it an answer to say, as the State does in its brief before us, that since the two claims embraced the same issue, petitioner "can hardly contend that she was prejudiced by lack of notice that her right to benefits under her first entitlement was at stake when she was aware that the same underlying issue was going to be tried *with respect to her second claim"* (emphasis supplied). That argument points up the reasonableness of an assumption that only issues pertaining to the most recent claim were to be considered.

Be this as it may, and with an awareness of the right of the Division in the proper circumstances to require a full refund, we are told by petitioner that proper advance notice would have enabled preparation not thought to have been necessary otherwise and "would obviously have altered her entire approach to the hearing." While this latter contention is not so obvious to us as it appears to be petitioner's counsel, we are satisfied that essential fairness requires she be given the opportunity for a presentation on adequate notice with respect to liability for a refund on the earlier claim.

Accordingly we affirm so much of the determination below that holds petitioner disqualified and liable for refund with respect to the claim filed September 27, 1976. We set aside the balance of the determination and remand for a rehearing with respect to the issues thus left undecided. The Division shall advise all parties precisely what issues are to be considered on the rehearing. We do not retain jurisdiction. No costs to any party on this appeal.