NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-1226-13T1

IN THE MATTER OF THE
APPLICATION OF

Y.L.

TO PRACTICE MASSAGE AND
BODYWORK THERAPY IN THE STATE
OF NEW JERSEY.

APPROVED FOR PUBLICATION

October 3, 2014

APPELLATE DIVISION

_____

Argued September 16, 2014 — Decided October 3, 2104

Before Judges Reisner, Koblitz and Haas.

On appeal from the New Jersey State Board of
Massage and Bodywork Therapy Examiners,
Department of Law and Public Safety,
Division of Consumer Affairs, Application
ID. 1666779.

Angela F. Pastor argued the cause for
appellant Y.L.

Shirley P. Dickstein, Deputy Attorney General,
argued the cause for respondent Division of
Consumer Affairs (John J. Hoffman, Acting
Attorney General; Andrea M. Silkowitz,
Assistant Attorney General, of counsel;
Susan Carboni, Deputy Attorney General, on
the brief).

The opinion of the court was delivered by

KOBLITZ, J.A.D.

Y.L. appeals from the September 25, 2013 Final Order of Denial of Certification/Licensure issued by the Board of Massage and Bodywork Therapy (the Board) because Y.L. engaged in misrepresentation on her sworn application, in violation of the Uniform Enforcement Act (UEA) governing professional and occupational boards, N.J.S.A. 45:1-14 to -27. We reject Y.L.'s argument that the Board must find she had an intent to deceive, and affirm the Board's denial, which required Y.L. to wait two years before reapplying for a license.

In both the application and the accompanying authorization for a background check Y.L. submitted in 2012, she swore that she had never been arrested for any crime or offense. She signed an affidavit stating: "[a]ll information provided in connection with this application is true to the best of my knowledge and belief. I understand that any omissions, inaccuracies or failure to make full disclosure may be deemed sufficient to deny licensure[.]"

She certified similarly on the authorization. The Board discovered that Y.L. had been arrested for prostitution, N.J.S.A. 2C:34-1, in a massage therapy establishment in 2004. The charge was later dismissed. Y.L. wrote the Board a letter explaining that she did not read the application questions carefully and mistakenly neglected to acknowledge the arrest.

She indicated that "English is not my primary language" and denied having engaged in prostitution.

After retaining counsel, she submitted an affidavit again attributing the mistake to her difficulty understanding English and also the fact that a friend had completed the application for her. She revealed for the first time that she was licensed as a massage therapist in Florida, another fact she had failed to mention in her original application. She stated that it was never her intention to deceive the Board. Y.L. is otherwise qualified for a license.[1]

Our scope of review of an administrative agency action is limited and highly deferential. So long as the Board's decision is supported by sufficient credible evidence in the record and was neither "arbitrary, capricious, [nor] unreasonable," it will be affirmed. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997) (citing In re Warren, 117 N.J. 295, 296 (1989)). In making this determination, a reviewing court must examine: "(1) whether the agency's decision conforms with relevant law; (2) whether the decision is supported by substantial credible evidence in the record; and (3) whether, in applying the law to the facts, the administrative agency clearly erred in reaching its conclusion."

---

[1] We note that an arrest alone is insufficient to deny a license. N.J.S.A. 45:1-21(f).

Twp. Pharmacy v. Div. of Med. Assistance & Health Servs., 432 N.J. Super. 273, 283-84 (2013) (citing In re Stallworth, 208 N.J. 182, 194 (2011)).

We also review factual findings made by an administrative agency deferentially. On appeal, "the test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the factfinder could reasonably so conclude upon the proofs." Brady, supra, 152 N.J. at 210 (quoting Charatan v. Bd. of Review, 200 N.J. Super. 74, 79 (App. Div. 1985)). So long as the "factual findings are supported 'by sufficient credible evidence, courts are obliged to accept them.'" Ibid. (quoting Self v. Bd. of Review, 91 N.J. 453, 459 (1982)).

N.J.S.A. 45:1-21 states in pertinent part:

> A board may refuse to admit a person to an examination or may refuse to issue or may suspend or revoke any certificate, registration or license issued by the board upon proof that the applicant . . .
>
> b. Has engaged in the use or employment of dishonesty, fraud, deception, misrepresentation, false promise or false pretense;

Y.L. argues that because the word "misrepresentation" is surrounded by words that in her view require an intent to

deceive, such as "dishonesty, fraud [and] deception[,]" such an intent should be required for any misrepresentation.

We recently decided that the Director of the New Jersey Division of Medical Assistance and Health Services (the Director) did not err in denying a pharmacy's application to participate in the State's Medicaid program due to its unintentional failure to disclose the criminal record of one of its employees. Twp. Pharmacy, supra, 432 N.J. Super. at 274-75. We interpreted N.J.A.C. 10:49-11.1(d)(22), which lists as a reason for disqualification, "[s]ubmission of a false or fraudulent application for the provider status to the Program or its Fiscal Agent." After a hearing, the Administrative Law Judge (ALJ) found that the pharmacist owner's incorrect answer was "not intentional or knowing[.]" The ALJ found, however, that the applicant had the "duty to provide truthful, accurate, and complete answers to all questions[.]" The Director adopted the ALJ's findings in light of the applicant's certification to the accuracy of the application and noted that N.J.A.C. 10:49-11.1(d)(22) does not require an intent to deceive. Twp. Pharmacy, supra, 432 N.J. Super. at 283.

We affirmed, discussing that "[t]he delivery of health care to the public is a highly regulated business activity which directly impacts upon the safety and welfare of the public."

Twp. Pharmacy, supra, 432 N.J. Super. at 286 (citations and quotation marks omitted). Massage therapy is also "highly regulated" and also "directly impacts the safety and welfare of the public." Although the wording of the administrative code provision interpreted in Township Pharmacy is not identical to the UEA provision, it is quite similar.

"The goal of all statutory interpretation is to give effect to the intent of the Legislature." Maeker v. Ross, __ N.J. __, __ (2014) (slip op. at 12) (citation and quotation marks omitted). When enacting the UEA the legislature indicated:

> The Legislature finds and declares that effective implementation of consumer protection laws and the administration of laws pertaining to the professional and occupational boards located within the Division of Consumer Affairs require uniform investigative and enforcement powers and procedures and uniform standards for license revocation, suspension and other disciplinary proceedings by such boards. This act is deemed remedial, and the provisions hereof should be afforded a liberal construction.
>
> [N.J.S.A. 45:1-14.]

The Attorney General draws our attention to the enforcement of the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20, where "misrepresentation[,]" a violation of section two of the CFA, does not require an intent to deceive if it results from an "affirmative act[.]" Chattin v. Cape May Greene, Inc., 243 N.J.

Super. 590, 598 (App. Div. 1990), aff'd o.b., 124 N.J. 520, 521 (1991). The CFA and the UEA are both remedial legislation intended to protect the public. D'Agostino v. Maldonado, 216 N.J. 168, 193 (2013) (discussing the remedial nature of the CFA); N.J.S.A. 45:1-14.

Contrary to Y.L.'s argument, misrepresentation does not generally require the intent to deceive. "Negligent misrepresentation is a legally sound concept. An incorrect statement, negligently made and justifiably relied upon, may be the basis for recovery of damages for economic loss or injury sustained as a consequence of that reliance." H. Rosenblum, Inc. v. Adler, 93 N.J. 324, 334 (1983). Accepting Y.L.'s explanation for her failure to reveal her arrest, the "mistake" legally constituted at least negligent misrepresentation.

If we were to accept Y.L.'s argument that the Board must find an intent to deceive whenever an applicant fails to reveal relevant negative information, a testimonial hearing would likely be required in every instance where the applicant alleged the failure was not intentional. The requirement that Y.L. sign an affidavit and a certification put Y.L. on sufficient notice of the need "to provide truthful, accurate and complete answers to all questions[.]" Twp. Pharmacy, supra, 432 N.J. Super. at 283.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1226-13T1