**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1409-24

CLAUDIA WOHL,

      Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR AND
WORKFORCE DEVELOPMENT,
and BELLE MEAD PHYSICAL
THERAPY, P.A.,

      Respondents.

_____

Argued December 17, 2025 – Decided June 8, 2026

Before Judges Berdote Byrne and Jablonski.

On appeal from the Board of Review, Division of Unemployment Insurance, Department of Labor and Workforce Development, Docket No. 319292.

Lawrence C. Wohl argued the cause for appellant (Archer & Greiner, PC, attorneys; Lawrence C. Wohl, on the briefs).

Christopher Chiacchio, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin,

Attorney General, attorney; Christopher Weber, Assistant Attorney General, of counsel; Christopher Chiacchio, on the brief).

PER CURIAM

Petitioner Claudia Wohl appeals the December 4, 2024, decision of the Board of Review, Department of Labor and Workforce Development ("Board"). This appeal involves the intersection of two unemployment benefits claims petitioner filed after she ceased employment as a physical therapist. "Claim One" involves benefits received for the period January 9, 2021 to February 13, 2021, and "Claim Two" for benefits received from April 10, 2021 through August 7, 2021. In the decision on review, the Board affirmed the Appeal Tribunal's ("Tribunal") ruling requiring petitioner to repay $4,140 in unemployment benefits received between January and February 2021 under Claim One, on the grounds that she was discharged for misconduct. However, the conclusion that petitioner engaged in misconduct was based on a separate case involving Claim Two.

We conclude the Board improperly relied on the misconduct determination found in Claim Two without affording petitioner the opportunity to contest that finding as it related to Claim One. Accordingly, we reverse the

A-1409-24

Board's decision and remand to afford petitioner the opportunity to address the misconduct allegations relevant to the period covered by Claim One.

I.

Petitioner worked in private practice as a physical therapist from April 2009 to December 5, 2020. In March 2020, in the early stages of the COVID-19 pandemic, the State ordered her employer, Belle Mead Physical Therapy, to close its offices. After Belle Mead moved to telehealth appointments in April 2020, "[n]o further work [was] available" and petitioner was not paid. Consequently, she sought unemployment benefits for Claim One.

Petitioner returned to in-office work on June 1, 2020, and worked until December 11, 2020. In early December, she became concerned about patient volume, lack of social distancing, and inadequate disinfection, believing these conditions put her and her health-compromised family at risk for COVID. She requested time away from the office until she could get vaccinated. After her vaccination, she contacted Belle Mead to arrange her return. On January 5, 2021, Belle Mead's owner called petitioner and informed her that she "was no longer needed in office."

In January 2021, petitioner reopened Claim One and received $4,140 in unemployment benefits for the period between January 3, 2021, through

February 13, 2021. Petitioner filed the Claim Two request for benefits and received $10,638 for April 10, 2021, through August 7, 2021.

On September 22, 2021, the Director of Unemployment Insurance ("Director") notified petitioner that she was disqualified from receiving benefits because she left her job voluntarily and without good cause, and ordered her to repay $10,638 for the benefits she received. Petitioner appealed. On September 9, 2022, the Tribunal concluded petitioner did not leave her job voluntarily and without good cause attributable to the work. Therefore, she was not required to refund the $10,638 she previously received under Claim Two.

In that written decision, the Tribunal also made a separate determination about petitioner's benefits' eligibility for her Claim One application. It noted "[petitioner] is disqualified for benefits under N.J.S.A. 43:21-5(b) as of 1/3/21 through 2/13/21 as [petitioner] was discharged for misconduct connected with the work. The disqualification imposed expired prior to the claim dated 4/4/21 and therefore is not [a] barrier to the receipt of benefits."

On December 15, 2022, the Director sent petitioner a refund request regarding payments received under Claim One and ordered her to repay $4,140. The request stated that petitioner was not eligible for the benefits because she was discharged for misconduct. Petitioner appealed and argued she had a right

to stop working under the Families First Coronavirus Response Act ("FFCRA")[1] to care for her husband, who was suffering from a heart condition and was ordered to self-quarantine. On December 15, 2023, the Tribunal affirmed the Director's determination and ordered the $4,140 repayment. However, in its decision, the Tribunal did not make separate findings about petitioner's argument that she did not commit misconduct. Rather, it relied only on its conclusion in the Claim Two decision noting petitioner was disqualified for benefits because of misconduct.

Petitioner again appealed. Predicate to those proceedings, the Board wrote to petitioner to clarify whether she intended to appeal the Claim One Tribunal decision from December 15, 2023, or the Claim Two opinion from September 9, 2022:

> In your appeal letter to the Board of Review, you are addressing the issue of misconduct connected to the work. Please be advised that the Appellate Bodies do not have jurisdiction to rule on the issue of misconduct connected to the work under [Claim One], as that appeal is only addressing the issue of non-fraud refund and the issue of misconduct was already ruled on under [Claim Two].
>
> . . . .

---

[1] See Pub. L. No. 116-127, 134 Stat. 178 (2020).

A-1409-24

> If you wish to pursue the appeal for the misconduct, disqualification [of] the matter under [Claim Two] will be reopened and all issues under that appeal will be reviewed.

Petitioner responded that "[t]he only appeal that is pending falls under [Claim One]. Any earlier actions . . . were not appealed."

The Board issued its final decision on December 4, 2024, and affirmed the Tribunal's decision as to Claim One. It held that the earlier Tribunal decision under Claim Two had already adjudicated the issue of misconduct. Thus, the Board reasoned, the issue of misconduct could not now be revisited in a subsequent proceeding because "[t]he Appellate Bodies do not have jurisdiction . . . to change any prior[,] separate Appeal Tribunal Decision."

On appeal, petitioner argues the Board misapplied its discretion and mistakenly affirmed the Tribunal's Claim One decision because the Tribunal adopted the findings made in a separate proceeding during which petitioner was unaware that the Tribunal would be considering that component. We agree.

II.

Our review of an administrative agency's determination is limited. In re Carter, 191 N.J. 474, 482 (2007). Accordingly, "we will disturb an agency's adjudicatory decision only upon a finding that the decision is 'arbitrary, capricious or unreasonable,' or is unsupported 'by substantial credible evidence

6

in the record as a whole.'" Sullivan v. Bd. of Rev., Dep't of Lab., 471 N.J. Super. 147, 155-56 (App. Div. 2022) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). In making that determination, we "must examine: '(1) whether the agency's decision conforms with relevant law; (2) whether the decision is supported by substantial credible evidence in the record; and (3) whether, in applying the law to the facts, the administrative agency clearly erred in reaching its conclusion.'" In re Y.L., 437 N.J. Super. 409, 412 (App. Div. 2014) (quoting Twp. Pharmacy v. Div. of Med. Assistance & Health Servs., 432 N.J. Super. 273, 283-84 (App. Div. 2013)).

After reviewing the record, we conclude the Board's decision to disqualify petitioner because of misconduct was incorrect and improper because it was made without notifying petitioner that misconduct would become a factor considered at the Claim Two hearing and would bind its decision in the Claim One litigation. This impermissibly infringed on petitioner's due process right to confront and to defend against the accusations that generated that determination and compels us to reverse the decision.

Under the Unemployment Compensation Act, "[w]hen it is determined . . . that any person, . . . while he was disqualified from receiving benefits, or while otherwise not entitled to receive such sum as benefits, such person, unless

the director (with the concurrence of the controller) directs otherwise by regulation, shall be liable to repay those benefits in full." N.J.S.A. 43:21-16(d)(1);[2] see also Bannan v. Bd. of Review, 299 N.J. Super. 671, 674 (App. Div. 1997).

A petitioner might be disqualified from receiving benefits "[f]or the week in which the individual has been suspended or discharged for misconduct connected with the work, and for the five weeks which immediately follow that week, as determined in each case." N.J.S.A. 43:21-5(b). Misconduct is:

> conduct which is improper, intentional, connected with the individual's work, within the individual's control, not a good faith error of judgment or discretion, and is either a deliberate refusal, without good cause, to comply with the employer's lawful and reasonable rules made known to the employee or a deliberate disregard of standards of behavior the employer has a reasonable right to expect, including reasonable safety standards and reasonable standards for a workplace free of drug and substance use.
>
> [Ibid.]

---

[2] The pertinent section of N.J.S.A. 43:21-16(d)(1) was amended in 2024, to be effective July 31, 2023. L. 2024, c. 102. The Board argues that the pre-amendment statute should apply, which was in effect at the time the request for refund was sent on December 15, 2022. Since petitioner does not contest this point, we refer to the pre-amendment statute.

"To sustain disqualification from benefits because of misconduct . . . the burden of proof is upon the employer, who shall, prior to a determination by the department of misconduct, provide written documentation demonstrating that the employee's actions constitute misconduct or gross misconduct." Ibid.

When the Tribunal failed to notify the petitioner that the issue would be addressed in the Claim Two proceedings, the Tribunal deprived her of due process. Due process requires that a party in a judicial hearing receive "notice defining the issues and an adequate opportunity to prepare and respond." H.E.S. v. J.C.S., 175 N.J. 309, 321 (2003) (quoting McKeown-Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 559 (1993) (internal quotation marks omitted)). In the Claim Two proceeding, the issues before the Tribunal only centered on the determination and request for the compelled repayment of $10,638, which petitioner received between the weeks ending April 10, 2021, and August 7, 2021. Petitioner believed the hearing would address the voluntariness of her departure from employment. She was not notified that the issue of misconduct would be considered. Nevertheless, the Tribunal summarily concluded "[petitioner] is disqualified for benefits under N.J.S.A. 43:21-5(b) as of 1/3/21 through 2/13/21 as [petitioner] was discharged for misconduct connected with the work."

A-1409-24

Similarly, petitioner could not have anticipated that the misconduct issue would have been addressed at the Claim Two proceeding because the pre-hearing notice generated did not state that the misconduct allegations would be addressed. Pre-hearing notices in unemployment cases must specify which claims will be considered at the hearing, in addition to identifying the relevant issues. See Reid v. Dep't of Lab. & Indus., 164 N.J. Super. 350, 351 (App. Div. 1978). In Reid, a tribunal disqualified a petitioner and ordered her to refund benefits received on the current claim, but also ordered a refund for benefits received on a prior claim. Id. at 353. We concluded that "she should not have been exposed to liability for a refund with respect to the prior claim without express prehearing notice to her that this liability was to be considered at the hearing." Id. at 351. "[E]ssential fairness requires she be given the opportunity for a presentation on adequate notice with respect to liability for a refund on the earlier claim." Id. at 353.

Here, the prehearing determination and refund request received by petitioner as to the Claim Two proceeding failed to mention any substantive allegations of misconduct. Because the Claim One Tribunal relied on the Claim Two Tribunal's conclusion petitioner had engaged in misconduct without

consideration of petitioner's position, we conclude the Claim One Tribunal acted arbitrarily, capriciously, and unreasonably.

Reversed and remanded for a hearing according to our opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

A-1409-24