659 A.2d 529

JOAN HAY, PLAINTIFF–APPELLANT, v. BOARD
OF REVIEW, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 2, 1995—Decided June 19, 1995.

Before Judges BRODY and LONG.

*Walter A. Norris* argued the cause for appellant (*Camden Regional Legal Services, Inc.,* attorney).

*Jed M. Milstein,* Deputy Attorney General, argued the cause for respondent (*Deborah T. Poritz,* Attorney General, attorney; *Mary C. Jacobson,* Assistant Attorney General, of counsel; *Mr. Milstein,* on the letter brief).

The opinion of the court was delivered by

LONG, J.A.D.

In December 1993, the Board of Review of the New Jersey Department of Labor affirmed an order of the Appeals Tribunal that Joan Hay refund $10,448 in unemployment compensation she received for the weeks ending February 2, 1992, through February 27, 1993. Hay appeals, contending that she was eligible to receive benefits for that entire period except for the period from February 2, 1992 through April 5, 1992. Thus, she argues that she should only be required to refund the benefits received during the February to April 1992 period.

Hay filed for unemployment benefits in New Jersey on February 2, 1992. The Unemployment Compensation Law (*N.J.S.A.* 43:21–1 to –66) provides, in pertinent part, that an unemployed individual shall be eligible to receive benefits with respect to any week only if:

> With respect to a base year as defined in subsection (c) of R.S. 43:21–19, the individual has established at least 20 base weeks as defined in paragraph (1) of subsection (t) of R.S. 43:21–19, or, in those instances in which the individual has not established 20 base weeks, ... the individual has earned 12 times the Statewide average weekly remuneration paid to workers, as determined under R.S. 43:21–3(c), raised to the next higher multiple of $100.00 if not already a multiple thereof or more in the individual's base years ($6600).
>
> [*N.J.S.A.* 43:21–4(e)(1).]

"Base year" is defined as follows:

> "Base year" with respect to benefit years commencing on or after July 1, 1986 shall mean the first four of the last five completed calendar quarters immediately preceding an individual's benefit year.
>
> [*N.J.S.A.* 43:21–19(c)(1).]

"Base week" is further defined as:

> "Base week" for a benefit year commencing on or after October 1, 1985 means, except as otherwise provided in paragraph (2) of this subsection, any calendar week

of an individual's base year during which the individual earned in employment from an employer remuneration equal to not less than 20% of the Statewide average weekly remuneration defined in subsection (c) of R.S. 43:21–3 which shall be adjusted to the next higher multiple of $1.00 if not already a multiple thereof. . . .

[*N.J.S.A.* 43:21–19(t)(1) ].

Applying these standards, Hay's base year period for the benefit eligibility determination was October 1, 1990, through September 30, 1991. During her base year, it is undisputed that she established nine base weeks and total base wages in the amount of $6,477. Although, as of the week ending February 8, 1992, Hay's base weeks and wages were insufficient to be eligible for New Jersey unemployment benefits, she began to receive benefits and ultimately received $10,448 for the weeks ending February 8, 1992, through February 27, 1993. This occurred as a result of a reporting error by the State of Pennsylvania to the State of New Jersey. Hay had worked at Service Associates in Folcroft, Pennsylvania, from August 1, 1991 through January 28, 1992. She earned at least $110 per week at Service Associates, which is the minimum required to establish a base week. The State of Pennsylvania should have reported Hay's base weeks and wages through September 30, 1991 (the end of Hay's base year). Instead, Hay's base weeks and wages were erroneously reported through the end of 1991. Due to the reporting error, which resulted in a calculation of a total of 21 base weeks and $10,600 in base wages, Hay was awarded benefits.

If the correct report had been filed by Pennsylvania, Hay would have been turned down when she applied for benefits in February 1992. However, as the State concedes, and as a senior claims examiner established at the hearing, because other earnings would have been included in the calculation, Hay *would* have been eligible for benefits had she waited until April 5, 1992, to apply. Ordinarily, she would have been counseled by the unemployment office personnel to wait until April to file. It is undisputed that Hay was not advised that she should hold off on her February application and that, through no fault of her own, she did receive

benefits from February to April 1992 to which she was not entitled.

On these facts, the State seeks a refund not only of the amount Hay received from February to April 1992 but everything else as well. This is an unconscionable result which we will not countenance. To be sure, Hay should refund the benefits to which she was not entitled. However, there is no reason why she should have to refund the remainder of the benefits which the State properly conceded at oral argument she would clearly have been entitled to receive had she filed later.

Indeed the refund statute supports this view:

> When it is determined by a representative or representatives designated by the Director of the Division of Unemployment and Temporary Disability Insurance of the Department of Labor of the State of New Jersey that any person, whether (i) by reason of the nondisclosure or misrepresentation by him or by another of a material fact (whether or not such nondisclosure or misrepresentation was known or fraudulent), or (ii) for any other reason, *has received any sum as benefits under this chapter while any conditions for the receipt of benefits imposed by this chapter were not fulfilled* in his case, such person . . . shall be liable to repay those benefits in full. The sum shall be deducted from any future benefits payable to the individual under this chapter or shall be paid by the individual to the division for the unemployment compensation fund, and such sum shall be collectible in the manner provided for by law, including, but not limited to, the filing of a certificate of debt with the Clerk of the Superior Court of New Jersey

> [*N.J.S.A.* 43:21–16(d)(1) (citations omitted) (emphasis added).]

A fair reading of the underscored language justifies recoupment for the February 2 to April 5, 1992 period. Thereafter, as the State concedes, Hay met every condition for the receipt of benefits. Nothing in *Fischer v. Board of Review,* 123 *N.J.Super.* 263, 302 *A.*2d 530 (App.Div.1973), cited by the Board, suggests a contrary result. Unlike *Fischer,* this is not a case involving an ineligible client who has accepted benefits in good faith. Hay was eligible for most of the benefits she received. The correct result in this case would have been to hold Hay disqualified from February 2, 1992, to April 5, 1992, require refund of those benefits and amend her application *nunc pro tunc* to reflect an April 5,

1992 filing date. We thus reverse and remand the case to the Board of Review for the entry of an order to that effect.

Reversed and remanded.