901 A.2d 417 (2006)
386 N.J. Super. 338
Piotr ORZEL, Petitioner-Appellant,
v.
BOARD OF REVIEW, DEPARTMENT OF LABOR, Respondent-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted May 16, 2006.
Decided June 27, 2006.
Piotr Orzel, appellant, filed a pro se brief.
Zulima V. Farber, Attorney General, for respondent (Michael J. Haas, Assistant Attorney General, of counsel, Alan C. Stephens, Deputy Attorney General, on the brief).
Before Judges SKILLMAN, AXELRAD and PAYNE.
The opinion of the court was delivered by
PAYNE, J.A.D.
Petitioner Piotr Orzel appeals from a judgment against him and in favor of the New Jersey Department of Labor in the amount of $11,150, consisting of $8,920 in benefits allegedly wrongfully paid as unemployment compensation pursuant to N.J.S.A. 43:21-16(d) and a fine of $2,230 for fraud pursuant to N.J.S.A. 43:21-16(a).
The record discloses that Orzel was employed by Trend Printing Services, Inc. until June 26, 2001, when he was terminated. He applied for unemployment benefits by telephone on June 27, 2001. At the time, he was also working as an office cleaner for Maverick Building Services for four hours per day at a rate of $115 per week. He asked his supervisor at Maverick whether he could continue working without losing unemployment benefits, and *418 he was told that he could. As a consequence, petitioner did not report his part-time income, and as a result he received weekly benefits of $446 for the weeks ending June 30, 2001 through November 10, 2001. If his part-time income had been reported, he would have received $420.20 in weekly benefits for this period. See N.J.S.A. 43:21-3(b) (governing part-time employment benefits). Additionally, for the week ending June 30, 2001, Orzel mistakenly reported his hourly wage of $20 per hour at Trend, not his total earnings of $320, and therefore he received an overpayment for that week. It is clear from the record that Orzel speaks English as a second language, and that gaps in his understanding of English exist.
In 2005, Orzel found out through a credit check that the State had entered judgment against him for $11,150. Orzel, who had moved and thus had no prior notice of proceedings against him, requested a hearing, which occurred, resulting in a determination adverse to him. That determination, in turn, was affirmed on appeal by the Board of Review.
On appeal, Orzel argues that he should be required to refund only the additional compensation that he received because of his mistaken belief that he was not required to report his part-time earnings, not the full amount of unemployment compensation received. He also argues that penalties for fraud should not have been imposed.

I.
Our review of the hearing transcript discloses that Orzel never visited an unemployment office directly, so he did not receive either an orientation or the unemployment booklet that would have explained the benefit system and conditions for receipt of benefits. His reporting was done entirely by telephone. There is no evidence to suggest that his failure to report his part-time earnings was the result of anything other than incorrect advice received from his part-time supervisor. A language barrier also impeded accurate communication.
N.J.S.A. 43:21-16(a) provides that "[w]hoever makes a false statement or representation, knowing it to be false, or knowingly fails to disclose a material fact, to obtain or increase ... any benefit" is subject to a fine for the conduct. On this record, we find no evidence of the scienter required by the statute for a finding of fraud. Orzel denied being informed of his reporting obligations either orally or in writing, and no evidence to the contrary was provided at his hearing. Although he admitted to speaking to an agency representative by telephone on a bi-weekly basis, there is no evidence in the record concerning the precise questions asked of him or his responses. Further, no evidence exists to support a claim that Orzel signed any acknowledgement on his unemployment checks or elsewhere that he remained totally unemployed. Thus, evidence of knowing falsity is absent. We thus reverse the $2,230 fine imposed upon Orzel pursuant to N.J.S.A. 43:21-16(a) as lacking the statutorily required factual foundation.[1]Brady v. Bd. of Review, 152 N.J. 197, 210, 704 A.2d 547 (1997); Close v. Kordulak Bros., 44 N.J. 589, 599, 210 A.2d 753 (1965).

II.
Orzel argues additionally that he should be charged with refunding only the *419 amount of benefits that constituted an overpayment of what was due to him in light of his part-time employment.
The text of N.J.S.A. 43:21-16(d)(1), governing the repayment of benefits following nondisclosure or misrepresentation of a material fact, does not require knowledge of the falsity of the nondisclosure or misrepresentation. However, precedent suggests that repayment of an amount to which a claimant would otherwise have been entitled, in addition to the amount constituting an admitted overpayment, has been required as a penalty under subsection (d) only in cases of fraud. In Malady v. Bd. of Review, 76 N.J. 527, 388 A.2d 947 (1978), the Supreme Court affirmed the requirement that petitioner, who had engaged in unreported part-time work while receiving benefits, refund the full amount of the payment received pursuant to N.J.S.A. 43:21-16(d). It stated:
[W]e believe that subsection (d), which is found in a provision entitled "Penalties", is intended by the Legislature to give the director the discretion to impose an additional penalty where the claimant purposely fails to make an accurate or truthful report of his income.
[Id. at 531, 388 A.2d 947.]
We have found in the present case that Orzel did not "purposely" fail to report his income accurately, but did so through misunderstanding and lack of information of what was required of him, occasioned by his contact with the Division solely by telephone. As a consequence, Malady does not require the imposition of a "penalty" upon him, requiring the return of the amount that did not constitute an "overpayment" of benefits.
N.J.S.A. 43:21-16(d) has been construed also to require reimbursement of benefits erroneously paid, regardless of the intent of the recipient. See, e.g., Bannan v. Bd. of Review, 299 N.J.Super. 671, 673, 691 A.2d 895 (App.Div.1997); Fischer v. Bd. of Review, 123 N.J.Super. 263, 266, 302 A.2d 530 (App.Div.1973). However, we are aware of no precedent that suggests that an innocent recipient is liable for repayment of benefits to which he was entitled. Indeed, we found otherwise in Hay v. Bd. of Review, 282 N.J.Super. 117, 120, 659 A.2d 529 (App.Div.1995), requiring there that the innocent recipient return only those benefits for which she was disqualified. We find that precedent applicable to the present matter, so as to require Orzel to repay only those benefits erroneously received as the result of his mistake in failing to disclose his part-time employment.
The judgment against petitioner Orzel is therefore reversed, and the matter remanded to the Division of Unemployment Compensation for recalculation of the amounts owed and the entry of an amended judgment.
NOTES
[1] N.J.S.A. 43:21-5(g)(1) then provided for a one-year disqualification from receipt of benefits for persons engaged in fraudulent conduct. It does not appear that Orzel was disqualified pursuant to this provision or that such a disqualification would have materially affected him.