**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5649-17T1

GENADIY KISHINEVSKIY,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
and HUNTINGTON LEARNING
CORPORATION,

     Respondents.

_____

Submitted October 18, 2019 – Decided October 30, 2019

Before Judges Vernoia and Susswein.

On appeal from the Board of Review, Department of Labor, Docket No. 149, 215.

Genadiy Kishinevskiy, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Andy Jong, Deputy Attorney General, on the brief).

Respondent Huntington Learning Corporation has not filed a brief.

PER CURIAM

Claimant Genadiy Kishinevskiy appeals from a Board of Review final decision affirming an Appeal Tribunal decision disqualifying him from unemployment insurance benefits for the one-year period following March 29, 2018, due to his illegal receipt or attempted receipt of benefits, and ordering that he refund $5913 in overpaid benefits and pay a $1478.25 fine. Because the Board's decision is supported by substantial credible evidence and claimant fails to demonstrate the decision is arbitrary, capricious, or unreasonable, we affirm.

Claimant filed a claim for unemployment insurance benefits on June 26, 2016, and thereafter received a weekly benefit of $657 through the week ending June 17, 2017. During each week he collected benefits, he certified to his entitlement to benefits by responding to questions on a Division of Unemployment and Disability Insurance (Division) internet website.

On January 31, 2017, claimant commenced employment as an exam test tutor with Huntington Learning Corporation.[1] (Huntington) and received wages

_____

[1] Claimant's employer has been variously identified during the proceedings as the Huntington Learning Corporation, Huntington Learning Centers, Inc., Huntington Learning Center, Inc., Huntington Learning, Hunttington,

in biweekly payments. Following the commencement of his employment, and through the week ending June 17, 2017, there were nine weeks that claimant received both wages from his employer and unemployment insurance benefits. Claimant did not inform the Division he was employed and receiving wages. He also affirmatively represented that he was not receiving any wages each time he certified to his entitlement to benefits in response to the questions on the Division's website.

In a March 29, 2018 Determination and Demand for Refund of Unemployment Benefits, the Division director advised claimant that an audit revealed he improperly received benefits during the nine weeks[2] he collected benefits while also earning wages at Huntington. The director informed claimant he was required to refund $5913 in overpaid benefits, liable for a $1478.25 fine pursuant to N.J.S.A. 43:21-16(a), and disqualified from unemployment benefits from March 29, 2018 through March 27, 2019, "due to

_____

Hunterdon Learning Center, and Hunterdon Learning Center, Inc. We refer to claimant's employer as Huntington Learning Corporation for simplicity and clarity and because that is the entity identified as claimant's employer on the Department of Labor and Workforce Development's Determination and Demand for Refund of Unemployment Benefits sent to claimant in this matter.

[2] The nine weeks include those ending on April 8, 22, and 29, 2017; May 6, 13, 20, and 27, 2017; and June 3 and 17, 2017.

A-5649-17T1

false or fraudulent misrepresentation [in accordance with] N.J.S.A. 43:21-5(g)(1)."

Claimant appealed the director's determination. During an Appeal Tribunal hearing, claimant acknowledged he received wages and collected unemployment compensation benefits during the nine weeks at issue. He also admitted he did not report his receipt of wages to the Division, and that he had denied receiving wages in response to the questions on the Division's website when he completed the weekly certification of his eligibility for benefits. Claimant acknowledged the weekly certification process included a notice that "collecting unemployment insurance benefit[s] while working and not reporting wages is a crime." He testified he did not report his receipt of the wages because he was informed by Division personnel that he could collect wages while receiving benefits.

In a written decision, the Appeal Tribunal determined claimant collected benefits and also earned wages during the nine weeks at issue. The Appeal Tribunal further found claimant falsely certified on the Division website that he had not worked or earned wages during the nine weeks, even though he read the internet notice during his weekly certifications advising that collecting benefits while working and not reporting wages is a crime. The Appeal Tribunal rejected

claimant's reliance on his assertion he had been informed he could collect unemployment insurance benefits while working, noting claimant had never been informed that he was not required to report the wages he earned.

The Appeal Tribunal concluded claimant's receipt of benefits during the nine weeks he earned and failed to report his wages was the "result of false or fraudulent representation[s]." The Appeal Tribunal ordered that claimant refund $5913 in benefits paid during the nine weeks as required under N.J.S.A. 43:21-16(d)(1), and pay a $1478.25 fine in accordance with N.J.S.A. 43:21-16(a). The Appeal Tribunal also disqualified claimant from benefits for the one-year period following March 29, 2018, as required under N.J.S.A. 43:21-5(g)(1).

Claimant appealed. The Board reviewed the record before the Appeal Tribunal, "carefully examined" claimant's assertions, and affirmed the Appeal Tribunal's decision. This appeal followed.

Our review of the Board's decision is limited. A final decision of an administrative agency should not be disturbed unless it is arbitrary, capricious or unreasonable. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). An appellate court should undertake a "careful and principled consideration of the agency record and findings." Riverside Gen. Hosp. v. N.J. Hosp. Rate Setting Comm'n., 98 N.J. 458, 468 (1985). The findings of the administrative agency

should be affirmed if they "could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole, . . . with due regard also to the agency's expertise." Close v. Kordulak Bros., 44 N.J. 589, 599 (1965) (quoting State v. Johnson, 42 N.J. 146, 162 (1964) (internal quotations omitted)).

Claimant does not dispute that he worked, earned wages, and collected unemployment insurance benefits during the nine weeks at issue. He acknowledges he responded to the Division's weekly certification questions by stating that he was not working or earning wages, but asserts that he understood the Division was aware he was working for Huntington and that "there [was] no need to keep mentioning it again." He also claims that any refund due for the overpayment of benefits should be limited to the $1846 he contends he earned from his employment during the nine weeks at issue.

The record shows claimant reported to the Division he was working part-time at Huntington. It also shows he was never informed he could misrepresent the status of that employment, or the wages earned from that employment, in his weekly certifications to the Division. Rather, the record reveals claimant was informed by the Division that his unemployment insurance benefits claim would be "set . . . up" so the Division would be aware that he might "be reporting

earnings some weeks and not on other weeks." Claimant, however, never reported the earnings and affirmatively, and falsely, certified during each of the nine weeks that he was not working and earning wages. He made the false representations even though, during the weekly certification process, he read the Division notice that collecting benefits while working and earning wages is a crime.

The Board's determination that claimant received unemployment insurance benefits based on false or fraudulent representations is amply supported by substantial record evidence. Thus, the Board properly required that claimant refund the benefits received during the nine weeks at issue. See N.J.S.A. 43:21-16(d)(1)(i) (providing a claimant "shall be liable to repay . . . benefits in full" that are received "by reason of the nondisclosure or misrepresentation . . . of a material fact").

Contrary to claimant's assertions, his obligation to refund benefits is not limited to the amount of the wages earned during the nine weeks. Where, as here, a claimant receives benefits based on fraud or misrepresentation, he or she may be properly required to refund the full amount of benefits paid. Ibid. In Malady v. Board of Review, Division of Employment Security, Department of Labor and Industry, our Supreme Court rejected the identical argument claimant

A-5649-17T1

makes here, holding that a claimant who collects benefits while failing to truthfully and accurately report his earnings is liable to refund the full amount of benefits received because N.J.S.A. 43:21-16(d) provides that a claimant may be obligated to refund the "amount so received." 76 N.J. 527, 531 (1978); see also Hay v. Bd. of Review, 282 N.J. Super. 117, 119-20 (App. Div. 1995). The Board did not err by directing that claimant refund the full amount of benefits he received during the nine weeks; he also earned wages, failed to report the wages to the Division, and affirmatively misrepresented that he was not earning any wages.

Any remaining arguments made by claimant that we have not expressly addressed are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5649-17T1