**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2835-21

LAURA CASTAGNA,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and SNOW OPERATING LLC,

     Respondents,

_____

Submitted October 25, 2023 – Decided January 18, 2024

Before Judges Vernoia and Gummer.

On appeal from the Board of Review, Department of Labor, Docket No. 252748.

Laura Castagna, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent Board of Review (Sookie Bae-Park, Assistant Attorney General, of counsel; Gina Marie Labrecque, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Laura Castagna appeals from an April 7, 2022 final decision of the Board of Review. In that decision, the Board affirmed an Appeal Tribunal determination that petitioner was obligated to refund the Division of Unemployment Insurance $13,272 in Pandemic Emergency Unemployment Compensation (PEUC) benefits the Division had paid to petitioner before it learned she had failed to exhaust her right to regular unemployment benefits in New York. Based on our review of the record, petitioner's arguments, and the applicable legal principles, we affirm in part and remand in part for further proceedings consistent with this decision.

I.

On March 27, 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), 15 U.S.C. §§ 9001 to 9141. Under the CARES Act, states were able to enter into agreements with the United States Secretary of Labor to provide PEUC benefits to individuals who:

> (A) have exhausted all rights to regular compensation under the State law or under Federal law with respect to a benefit year (excluding any benefit year that ended before July 1, 2019); (B) have no rights to regular compensation with respect to a week under such law or any other State unemployment compensation law or to compensation under any other Federal law; (C) are not receiving compensation with respect to such week under the unemployment compensation law of Canada;

2

and (D) are able to work, available to work, and actively seeking work.

[Id. at § 9025(a)(2)(A)-(D).]

According to the United States Department of Labor, "[a]ll states voluntarily signed an 'Agreement Implementing the Relief for Workers Affected by Coronavirus Act' . . . with the Secretary in March 2020 to administer the . . . PEUC program . . . ." Dep't of Lab., Unemployment Insurance Program Letter UIPL No. 05-24, Application of State Finality Laws Regarding Temporary Unemployment Compensation (UC) Programs under the Coronavirus Aid, Relief, and Economic Security (CARES) Act 2 (Dec. 29, 2023).

New Jersey's Unemployment Compensation Law, N.J.S.A. 43:21-1 to -24.30, provides:

> During an emergency unemployment benefit period, an exhaustee who otherwise continues to meet the eligibility requirements for regular benefits pursuant to the provisions of the "unemployment compensation law," [N.J.S.A.] 43:21-1 [to -24.30], and who is not eligible for any other unemployment benefits, including benefits provided for by any federal law extending benefits beyond those provided for as regular benefits or extended benefits, may receive weekly emergency unemployment benefits.
>
> [N.J.S.A. 43:21-24.27 (emphasis added).]

"Exhaustee" is defined as "an individual who exhausted all of the regular benefits that were available to the individual pursuant to the 'unemployment compensation law,' [N.J.S.A.] 43:21-1 [to -24.30]." N.J.S.A. 43:21-24.26.

II.

Before the COVID-19 pandemic, petitioner earned wages in New Jersey and New York. Her New Jersey job ended due to the pandemic before her New York job ended. On March 8, 2020, she filed a claim for regular unemployment benefits in New Jersey. According to petitioner, during a telephone call in April 2020, she informed a New Jersey unemployment insurance representative that she potentially could have an unemployment claim in New York because that employer had not yet shut down. The representative informed her she could file a combined wage claim or could file separately in New York if she lost her job there.[1]

Petitioner chose not to submit a combined wage claim but to proceed with her claim for benefits regarding the loss of her New Jersey job. In connection

---

[1] Individuals typically may file combined wage claims for unemployment benefits in one state based on their combined earnings in multiple states. See Before You Apply for Unemployment Frequently Asked Questions, New York State Department of Labor, https://dol.ny.gov/you-apply-unemployment-frequently-asked-questions (last visited Jan. 5, 2024).

with her New Jersey claim, she received regular unemployment benefits for the weeks ending March 14, 2020, through June 27, 2020. Pursuant to a PEUC claim filed as of June 28, 2020, petitioner then received $8,216 in New Jersey PEUC benefits for the weeks ending July 4, 2020, through October 3, 2020. She returned to her New Jersey job from October 4, 2020, to December 31, 2020, and then received $5,056 in New Jersey PEUC benefits for the weeks ending January 2, 2021, through February 20, 2021.

On August 3, 2020, petitioner filed a claim for regular New York unemployment benefits. She received benefits for the period August 3, 2020, through June 13, 2021, in connection with her New York job.

In a notice mailed on April 14, 2021, a deputy of the Director of the New Jersey Division of Unemployment Insurance advised petitioner that pursuant to the New Jersey Unemployment Compensation Law, she was not eligible for New Jersey PEUC benefits as of June 28, 2020, because she was eligible for unemployment benefits as of that date in New York and had to pursue that claim. The notice also advised her she had to submit in writing any appeal of that determination within seven days after delivery of the notice or ten days after the date of mailing, which would have been, according to the notice, April 26, 2021.

5

On the same day, the Director of the Division issued a "request for refund of unemployment benefits" totaling $13,272, the amount of PEUC benefits she had received. In that request, the Director advised petitioner she was not eligible for those funds and that "[a]ny money collected improperly must be returned regardless of the reason for the overpayment in accordance with N.J.S.A. 43:21-16(d)." The Director stated, if petitioner disagreed with the determination she had an obligation to refund and repay those benefits, she had to file a written appeal within seven calendar days of delivery of the request or ten days of the mailing of the request. The Director also informed petitioner about the right to request a waiver.

> N.J.A.C. 12:17-14.2 allows for the waiver of recovery of debt if the debtor is deceased or permanently disabled and no longer able to work, or if the overpayment, as determined by the Director, would be patently contrary to principles of equity. It must be shown that the claimant did not misrepresent or withhold a material fact to obtain benefits, and . . . proof that the recovery of the overpayment would be contrary to the principles of equity should accompany the waiver request.

On June 1, 2021, petitioner appealed the deputy's determination she was not eligible for the PEUC benefits and the Director's determination she had to repay those benefits. During a June 29, 2021 hearing before the Appeal Tribunal, petitioner testified she had not received the deputy's notice but had

6

received the Director's request for a refund when she collected her mail on May 14, 2021, on her return from a trip. According to petitioner, she did not immediately file an appeal of the Director's determination because she was gathering information and determining if the request for the refund was correct.

Petitioner also testified that based on her conversation with the New Jersey unemployment insurance representative, she had understood that because she was not claiming combined wages, she could file a claim for benefits in New York if she lost her job due to the pandemic. When that happened, she filed a claim in New York. Petitioner conceded she "probably did receive New York [benefits] at the same time as [she] was receiving New Jersey [benefits]." She asserted she did not know collecting from both states at the same time was "incorrect" based on her conversation with the New Jersey unemployment representative.

During the hearing, petitioner advised the examiner she did not have the money for the refund "sitting in a box." The examiner told her he understood she was requesting a waiver of the refund, advised her the waiver "doesn't come from me," and referred her to "the initial notice if [she was] trying to request a waiver of . . . the debt." When she asked if making the waiver request was

"something [she] should've done before this," the examiner told her she could submit the request after she received the decision on her appeal.

In a June 30, 2021 decision, the Appeal Tribunal dismissed petitioner's appeal of the Director's refund determination because petitioner had not filed it timely under N.J.S.A. 43:21-6(b)(1) and had not shown good cause for her late filing. The Tribunal found her appeal of the deputy's determination timely but, citing N.J.S.A. 43:21-24.26 and -24.27, held she was ineligible for PEUC benefits received after June 28, 2020, because she had "not exhaust[ed] all her regular benefits as she was eligible for a regular claim for benefits in [New York] as of [June 28, 2020]." Petitioner appealed the Tribunal's decision to the Board, which affirmed it in an April 7, 2022 decision.

In her merits brief in support of this appeal, petitioner argues she was entitled to the PEUC benefits she received because she ultimately was deemed ineligible for New York unemployment benefits. She also asserts she used all of the PEUC benefit funds in paying her monthly bills. In her reply brief, she concedes she was not eligible for the $8,216 in PEUC benefits "due to a concurrent [New York Unemployment Insurance] claim" but asserts she should not be required to repay the $5,056 she received for the weeks ending January

8

2, 2021, through February 20, 2021, because she had intended to apply for regular unemployment benefits, not PEUC benefits.

III.

"Our scope of review of an administrative agency action is limited and highly deferential." In re Y.L., 437 N.J. Super. 409, 412 (App. Div. 2014); see also McKnight v. Bd. of Rev., Dep't of Lab., 476 N.J. Super. 154, 162 (App. Div. 2023). "[W]e will 'defer to an agency's interpretation of both a statute and implementing regulation, within the sphere of the agency's authority, unless the interpretation is plainly unreasonable.'" Haley v. Bd. of Rev., Dep't of Lab., 245 N.J. 511, 519 (2021) (quoting Ardan v. Bd. of Rev., 231 N.J. 589, 604 (2018)). "[W]e will disturb an agency's adjudicatory decision only upon a finding that the decision is 'arbitrary, capricious or unreasonable,' or is unsupported 'by substantial credible evidence in the record as a whole.'" Sullivan v. Bd. of Rev., Dep't of Lab., 471 N.J. Super. 147, 155-56 (App. Div. 2022) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 580 (1980)). In making that determination, we "must examine: '(1) whether the agency's decision conforms with relevant law; (2) whether the decision is supported by substantial credible evidence in the record; and (3) whether, in applying the law to the facts, the administrative agency clearly erred in reaching its conclusion.'" In re Y.L., 437 N.J. Super. at

412 (quoting Twp. Pharmacy v. Div. of Med. Assistance & Health Servs., 432 N.J. Super. 273, 283-84 (App. Div. 2013)).

A party challenging an administrative action bears the burden of demonstrating the decision was arbitrary, capricious, or unreasonable. In re State & Sch. Emps.' Health Benefits Comm'n's Implementation of I/M/O Yucht, 233 N.J. 267, 285 (2018). Individuals applying for unemployment benefits bear the burden of proof to establish their right to unemployment benefits. Makutoff v. Bd. of Rev., 427 N.J. Super. 218, 223, (App. Div. 2012). Petitioner has not sustained either burden.

As an initial matter, we conclude the Board did not err in finding untimely petitioner's appeal of the Director's refund determination. The version of N.J.S.A. 43:21-6(b)(1) in effect when petitioner submitted her appeal provided that a decision "shall be final" unless the claimant files an appeal "within seven calendar days after delivery of notification of an initial determination or within [ten] calendar days after such notification was mailed." See N.J.S.A. 43:21-6(b)(1) (2017) (amended July 2023).[2] The Director's request for the

---

[2] N.J.S.A. 43:21-6 and -16 were amended after the Board issued its decision. See L. 2022, c. 120. Among other things, N.J.S.A. 43:21-6 was amended to increase the time for filing an appeal. However, nothing in the amendment indicates the Legislature intended retroactive application of the amendment. See

refund was mailed on April 14, 2021. It is not clear when it was delivered, but petitioner admitted she had received it on May 14, 2021, when she picked up her mail after she had returned from a trip. She filed her appeal on June 1, 2021, more than seven days after she received the refund request and more than ten days after it was mailed. Thus, her appeal was untimely.

Pursuant to N.J.A.C. 12:20-3.1, a late appeal may be considered on its merits if "the appeal was delayed for good cause," with good cause existing when "[t]he delay in filing the appeal was due to circumstances beyond the control of the appellant" or "[t]he appellant delayed filing the appeal for circumstances which could not have been reasonably foreseen or prevented." We agree with the Appeal Tribunal and the Board that petitioner did not demonstrate good cause for her delay in filing her appeal.

Under both the CARES Act and the New Jersey Unemployment Compensation Law, a person was entitled to PEUC benefits only if he or she

---

In re J.D-F., 248 N.J. 11, 22 (2021) ("[C]ourts generally will enforce newly enacted substantive statutes prospectively, unless [the Legislature] clearly expresses a contrary intent." (quoting Maeker v. Ross, 219 N.J. 565, 578 (2014))). In fact, the Legislature expressly provided the act amending the statute would "take effect on the 270th day following enactment, . . . [,]" which was July 31, 2023. See State v. Lane, 251 N.J. 84, 96 (2022) (recognized the Court has "repeatedly construed language stating that a provision is to be effective immediately, or effective immediately on a given date, to signal prospective application").

already had collected all other available regular unemployment benefits. See 15 U.S.C. § 9025(a)(2)(A)-(B) (PEUC was available to individuals who "have exhausted all rights to regular compensation under the State law . . . with respect to a benefit year" and "have no rights to regular compensation with respect to a week under such law or any other State unemployment compensation law . . . ."); N.J.S.A. 43:21-24.26 to -24.27 (emergency unemployment benefits are available to an "exhaustee," defined as "an individual who exhausted all of the regular benefits that were available to the individual . . . ."). Substantial credible evidence in the record supports the finding of the Appeal Tribunal and Board that petitioner had not exhausted the regular unemployment benefits available to her in New York when she applied for and received the New Jersey PEUC benefits. And petitioner now concedes she was not eligible for the $8,216 in PEUC benefits "due to a concurrent [New York Unemployment Insurance] claim."

Petitioner makes two arguments on appeal that she apparently did not make before the Appeal Tribunal or the Board. We need not consider those arguments. See Alloco v. Ocean Beach & Bay Club, 456 N.J. Super. 124, 145 (App. Div. 2018) (applying "well-settled" principle that appellate court will not consider an issue that was not raised before the trial court). But considering

them, we conclude they lack merit. In her merits brief, petitioner asserts she ultimately was deemed ineligible for New York unemployment benefits and, thus, was entitled to the PEUC benefits she received. The New York unemployment insurance documents she submitted in support of that assertion demonstrate she was unemployed in New York when she received the PEUC benefits, and she was deemed ineligible for New York unemployment benefits for a time period beginning on October 4, 2021, when she was not receiving PEUC benefits.

In her reply brief, petitioner asserts she intended to apply for regular unemployment benefits, not PEUC benefits, for the weeks ending January 2, 2021, through February 20, 2021, and contends she should be able to retain the benefits she received during that period. "[R]aising an issue for the first time in a reply brief is improper." Berardo v. City of Jersey City, 476 N.J. Super. 341, 354 (App. Div. 2023) (quoting Borough of Berlin v. Remington & Vernick Eng'rs, 337 N.J. Super. 590, 596 (App. Div. 2001)). Moreover, whatever petitioner intended, the record in the evidence demonstrates she received PEUC benefits, not regular unemployment benefits, for the weeks ending January 2, 2021, through February 20, 2021, and that she was not entitled to those benefits.

13

The version of N.J.S.A. 43:21-16(d) in effect when the Director issued the refund request and when the Appeal Tribunal and Board issued their decisions required the repayment of erroneously-paid unemployment benefits regardless of whether the recipient had engaged in fraud, the recipient unknowingly had made a misrepresentation or had failed to disclose a material fact, or "for any other reason." N.J.S.A. 43:21-16(d) (2017) (amended July 2023); see also Orzel v. Bd. of Rev., Dep't of Lab., 386 N.J. Super. 338, 342 (App. Div. 2006) (finding N.J.S.A. 43:21-16(d) "has been construed . . . to require reimbursement of benefits erroneously paid, regardless of the intent of the recipient"); Bannan v. Bd. of Rev., 299 N.J. Super. 671, 674 (App. Div. 1997) (finding N.J.S.A. 43:21-16(d) "require[d] the full repayment of unemployment benefits received by an individual who, for any reason, regardless of good faith, was not actually entitled to those benefits"). Because the Appellate Tribunal and the Board correctly applied the law in place when they rendered their decisions and because substantial credible evidence in the record supports their conclusion that petitioner, having failed to collect all other available regular unemployment benefits, was not entitled to the PEUC benefits she had received, we see no basis to disturb the Board's decision and, accordingly, affirm it.

A-2835-21

The Board in its decision, however, did not address petitioner's request for a waiver pursuant to N.J.A.C. 12:17-14.2. Petitioner made a request for a waiver in her testimony before the Tribunal and again in her appellate submissions. The question of a refund waiver "should be decided in the first instance, by the Division, applying its expertise." Mullarney v. Bd. of Rev., 343 N.J. Super. 401, 410 (App. Div. 2001). We, therefore, remand this matter to the Director of the Division for consideration of petitioner's waiver request, with an enhanced record, if necessary.

Affirmed in part and remanded in part to the Division for consideration of petitioner's request that the demand for reimbursement of benefits be waived. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2835-21