**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2451-23

EMILY MARTIN,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and BAGEL KING
JACKSON LLC,

     Respondents.

_____

Submitted April 29, 2025 – Decided May 22, 2025

Before Judges Gooden Brown and Smith.

On appeal from the Board of Review, Department of Labor, Docket No. 314205.

Emily Martin, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Kathryn B. Moynihan, Deputy Attorney General, on the brief).

PER CURIAM

Claimant Emily Martin appeals from the March 14, 2024 final agency decision of the Board of Review (Board), Division of Unemployment Insurance, Department of Labor and Workforce Development, affirming the decision of the Appeal Tribunal (Tribunal) denying her claim for unemployment benefits. We affirm.

Martin worked full time as a barista for Bagel King Jackson LLC (Bagel King) from April 15, 2022, until September 5, 2022, when she was separated from the employment. On October 9, 2022, Martin filed for unemployment benefits.

On October 29, 2022, a Deputy for the Director of the Division of Unemployment Insurance (Deputy) denied the claim on the ground that Martin had insufficient base weeks or earnings to establish a valid claim. Specifically, the Deputy found Martin established eighteen base weeks during her employment, falling short of the required twenty weeks to be eligible for unemployment benefits. Martin appealed the Deputy's decision to the Tribunal.

The Tribunal held a telephonic hearing on December 19, 2022, in which Martin participated. Martin testified that she earned at least $240 weekly at Bagel King for eighteen weeks. She had not worked since her separation from Bagel King.

Following the hearing, the Tribunal affirmed the Deputy's determination, finding that pursuant to N.J.A.C. 12:17-5.1 and N.J.A.C. 12:17-5.2, Martin "did not meet the basic eligibility requirements to establish a valid unemployment claim during any of the possible base year periods." The Tribunal explained that Martin "worked a total of [eighteen] base weeks[] and . . . had gross earnings of $10,428[]," establishing a regular base year from July 1, 2021, through June 30, 2022, an alternate base year of October 1, 2021, through September 30, 2022, and a second alternate base year of January 1, 2022, through October 8, 2022. The Tribunal concluded Martin neither established twenty base weeks in employment nor sufficient earnings during any of the possible base year periods of her unemployment claim.

Martin filed a late appeal to the Board, which the Board considered. In a March 14, 2024 decision, the Board affirmed the Tribunal "[o]n the basis of the record below," finding "no valid ground for a further hearing." This appeal followed. On appeal, Martin does not dispute that she does not meet the qualifications for benefits under the statute but urges us to reverse the Board's decision because her "case for benefits is so extremely close."

Our scope of review of an administrative agency's final decision is limited. Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997); see Allstars Auto Grp., Inc. v.

N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) ("Judicial review of agency determinations is limited."). Thus, we will disturb an agency's decision

> only if we determine that the decision is "arbitrary, capricious or unreasonable" or is unsupported "by substantial credible evidence in the record as a whole." In determining whether an agency action is arbitrary, capricious, or unreasonable, we examine:
>
> > (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Berta v. N.J. State Parole Bd., 473 N.J. Super. 284, 302 (App. Div. 2022) (citations omitted) (first quoting Henry v. Rahway State Prison, 81 N.J. 571, 580 (1980); and then quoting In re Carter, 191 N.J. 474, 482-83 (2007)).]

"The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the [party] challenging the administrative action." Lavezzi v. State, 219 N.J. 163, 171 (2014) (alteration in original) (quoting In re J.S., 431 N.J. Super. 321, 329 (App. Div. 2013)). Although we "must defer to an agency's expertise and superior knowledge of a particular

field," In re Carter, 191 N.J. at 483 (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)), we are "in no way bound by [an] agency's interpretation of a statute or its determination of a strictly legal issue," Allstars Auto Grp., Inc., 234 N.J. at 158 (alteration in original) (quoting Dep't of Child. & Fams. v. T.B., 207 N.J. 294, 302 (2011)).

Pertinent to this appeal, an unemployed person is eligible for unemployment benefits under the Unemployment Compensation Law, N.J.S.A. 43:21-1 to -71, with respect to any week only if the individual can establish at least twenty base weeks of remuneration in a base year. Hay v. Bd. of Rev., 282 N.J. Super. 117, 118 (App. Div. 1995); see N.J.A.C. 12:17-5.1 (describing basic unemployment eligibility requirements). "Base year" is defined as "the first four of the last five completed calendar quarters immediately preceding an individual's benefit year." N.J.S.A. 43:21-19(c)(1). "Base week" is defined as any week during which the individual earned at least twenty percent of the State average weekly earnings or, alternatively, twenty times the minimum wage. N.J.S.A. 43:21-19(t)(2)(A) to (B).

An individual who does not have enough wages in the base year to qualify for unemployment benefits may use an "alternative base year," N.J.A.C. 12:17-5.2, defined as either "the last four completed calendar quarters immediately

preceding the individual's benefit year," or "the last three completed calendar quarters immediately preceding [the] benefit year and, of the calendar quarter in which the benefit year commences, the portion of the quarter which occurs before the commencing of the benefit year," N.J.S.A. 43:21-19(c)(1); see also N.J.A.C. 12:17-5.2 (defining an alternative base year).

Here, it is uncontroverted that Martin did not meet the statutory eligibility requirements because she did not work the required twenty weeks nor earn gross wages of at least 1,000 times the minimum wage during any possible base year. As such, she was not entitled to unemployment benefits. We therefore discern no basis to disturb the Board's decision under our limited scope of review of agency decisions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

6                                                                    A-2451-23