**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3102-23

TIMOTHY COOK,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
WILLIAM R. BOYER
PLUMBING & HEATING,
LLC, and HOME DEPOT
USA, INC.,

     Respondents.

_____

Submitted December 9, 2025 – Decided January 15, 2026

Before Judges Gilson and Vinci.

On appeal from the Board of Review, Division of Unemployment Insurance, Department of Labor and Workforce Development, Docket No. 00342170.

Timothy Cook, self-represented appellant.

Matthew J. Platkin, Attorney General, attorney for respondent Board of Review (Christopher Weber,

Assistant Attorney General, of counsel; Gina M. Labrecque, Deputy Attorney General, on the brief).

PER CURIAM

Claimant Timothy Cook appeals from an April 25, 2024 final agency decision by the Board of Review, Department of Labor (the Board), which determined that he had falsely applied for unemployment benefits and, therefore, had to refund the benefits received, pay a fine, and be disbarred from applying for unemployment benefits for one year. In essence, Cook argues that his failure to disclose earnings from part-time employment was a mistake and he should be excused from refunding the benefits, paying a fine, and disbarment. We reject those arguments because the Board's finding of fraud is supported by substantial credible evidence and we discern nothing arbitrary, capricious, or unreasonable in the Board's decision. Accordingly, we affirm.

I.

In early 2020, Cook was employed at the Borgata Hotel Casino (the Borgata). He also worked part-time at William R. Boyer Plumbing & Heating, LLC (Boyer Plumbing) and Home Depot U.S.A., Inc. (Home Depot).

In early March 2020, Cook was laid off from the Borgata because it closed during the COVID-19 pandemic. On March 15, 2020, he applied online to

receive unemployment benefits. The application asked: "Did you work during the weeks claimed[?]" Cook responded, no.

Based on his application, Cook was awarded unemployment benefits. He received $675 per week from April 4, 2020, through August 8, 2020. Thus, in total, he received $11,475 in unemployment benefits for a seventeen-week period.

In October 2021, the Fraud Prevention and Risk Management Division of the Department (the Fraud Division) investigated Cook's unemployment claim. The Fraud Division obtained records from Boyer Plumbing and Home Depot that showed that Cook received wages from both those employers during the time that he was receiving unemployment benefits. The records from Boyer Plumbing showed that Cook had received wages during each of the seventeen weeks for which he received unemployment benefits. The Home Depot records showed that Cook had received wages for thirteen weeks during which he received unemployment benefits. In May 2022, Cook was notified of the results of the Fraud Division's investigation.

In June 2022, the Director of the Division of Unemployment and Disability Benefits mailed a determination letter to Cook. That letter demanded that he refund $11,475 he had received in unemployment benefits and that he

pay a fine of $2,868.75. The letter also informed Cook that he was disqualified from receiving benefits for a period of one year.

Cook administratively challenged the Director's determination and the matter was referred to an Appeal Tribunal (Tribunal). The Tribunal conducted a one-day hearing via a telephone conference. During that hearing, three witnesses testified: Cook, an investigator for the Board, and a representative of Boyer Plumbing.

In his testimony, Cook admitted that he had worked part-time during the seventeen-week period that he received unemployment benefits. He also admitted that he did not report his part-time employment on his unemployment application. He explained that he did not report those part-time earnings because he thought the question on the application related to his job at the Borgata.

The Board's investigator detailed her investigation of Cook's receipt of unemployment benefits. She explained that claimants who applied online have to answer a question each week which asked whether they worked during the weeks for which they were claiming unemployment benefits. If a claimant responded that they were working, they would then be prompted to report the hours worked. The investigator testified that her review of Cook's records established that in his initial application and in each week thereafter Cook consistently responded "no" to the question of whether he had worked during

the weeks claimed. The investigator also explained that when a claimant reports at least four or more weeks of no wages and they are later found to have received wages, the Board considers that fraud.

The representative from Boyer Plumbing testified and confirmed that Cook had worked part-time for Boyer Plumbing from March through November 2020. The representative also confirmed that Boyer Plumbing had provided the Fraud Division with accurate payroll records concerning Cook.

In a decision mailed on January 9, 2024, the Tribunal determined that Cook's failure to report his part-time wages during the time that he was receiving unemployment benefits constituted fraud. The Tribunal found that Cook received unemployment benefits under false or fraudulent misrepresentations by not disclosing his earnings from his part-time employment during the seventeen-week period where he received benefits. The Tribunal then found that Cook was liable to refund $11,475 he had received in unemployment benefits. The Tribunal also fined Cook for $2,868.75 in accordance with N.J.S.A. 43:21-16(a)(1). Finally, the Tribunal affirmed the disqualification of Cook from receiving benefits for a period of one year in accordance with N.J.S.A. 43:21-5(g)(1).

Cook appealed the Tribunal's decision to the Board. On April 25, 2024, the Board affirmed and adopted the Tribunal's decision, including the

requirement for a refund of benefits paid, the penalty, and the period of disqualification. Cook now appeals from the Board's decision.

II.

On this appeal, Cook contends that he did not commit fraud in failing to report his part-time wages from Boyer Plumbing and Home Depot. Instead, he argues that the failure was an "understandable mistake" resulting from his belief that only the wages associated with the loss of his full-time position at the Borgata needed to be reported when he was seeking unemployment benefits. Consequently, he argues that because his omission was not intentional, he should not be liable for paying back the unemployment benefits or paying a penalty.

An appellate court's review of an administrative agency decision is narrow. Sullivan v. Bd. of Rev., Dep't of Lab., 471 N.J. Super. 147, 155 (App. Div. 2022). In matters involving unemployment benefits, appellate courts afford deference to the Board's expertise in administrating the Unemployment Compensation Law (the Law), N.J.S.A. 43:21-1 to -71. Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997). Consequently, a reviewing court will not reverse an agency's decision unless it is "arbitrary, capricious, or unreasonable or . . . not supported by substantial credible evidence in the record." In re Ambroise, 258 N.J. 180, 197 (2024) (quoting In re Stallworth, 208 N.J. 182, 194 (2011)).

To obtain unemployment benefits under the Law, a claimant must file an application setting forth the facts concerning their employment status and the grounds for their eligibility. See N.J.S.A. 43:21-4(a) (explaining that individuals must apply to receive benefits); N.J.S.A. 43:21-3(b) (citing N.J.S.A. 43:21-19(m)) (noting that only eligible and unemployed individuals may receive benefits). At the time Cook applied for benefits, the Law stated that when it is determined that any person received benefits based on "the nondisclosure or misrepresentation . . . of a material fact" or while the person "was disqualified from receiving those benefits" then that person "shall be liable to repay those benefits in full." N.J.S.A. 43:21-16(d)(1).[1]

Courts, including this court, have consistently recognized that N.J.S.A. 43:21-16(d) requires the full repayment of unemployment benefits received by an individual who for any reason, including fraud, was not entitled to those benefits. See, e.g., Malady v. Bd. of Rev., 76 N.J. 527, 531 (1978); Bannan v. Bd. of Rev., 299 N.J. Super. 671, 674 (App. Div. 1997); Fischer v. Bd. of Rev., 123 N.J. Super. 263, 266 (App. Div. 1973).

---

[1] This provision was amended in 2024, and the amendment was made retroactive to July 31, 2023. L. 2024, c. 102, § 6. Given the amendment's retroactive 2023 effective date, the amendment does not apply to Cook's benefits. See Ardan v. Bd. of Rev., 231 N.J. 589, 608 (determining that an amendment to the Law did not apply retroactively to a claim filed prior to the amendment's enactment).

Consequently, we discern no reversible error in the Board's affirmance of the Tribunal's finding that Cook was required to repay the benefits he had received. There is substantial credible evidence supporting the Tribunal's finding, which was affirmed by the Board, that Cook falsely reported that he was receiving no wages when he was receiving wages.

Cook argues that he should not be liable to repay the benefits he received while working part-time at Boyer Plumbing and Home Depot because he reported his wages based on his layoff from the Borgata. We reject that argument because the question Cook was asked was not limited to a particular employer and did not exclude part-time employment. Instead, the question asked whether Cook had "worked during the weeks claimed."

Cook relies on Orzel v. Board of Review, 386 N.J. Super. 338 (App. Div. 2006), to support his contention that his misrepresentation was not intentional. The facts in Orzel, however, are distinguishable from the facts in this matter. In Orzel, the claimant received incorrect advice from a superior on how his employment should be reported on his application for unemployment benefits. Id. at 341. The claimant also was not fluent in English, and the language barrier impeded his accurate completion of the unemployment form. Ibid. In contrast, Cook did not testify that he did not understand the language of the unemployment application. Instead, he contends that he should not be held

responsible for misunderstanding that a request for disclosure of any work included part-time work.

The Board also correctly determined that Cook was disqualified from receiving benefits for a period of one year. In that regard, N.J.S.A. 43:21-5(g)(1) states that the Board shall disqualify a recipient from receiving future unemployment benefits for a period of one year when a claimant has provided "false or fraudulent representation[.]"

Finally, we discern no reversible error in the Board's decision to impose a penalty on Cook. N.J.S.A. 43:21-16(a)(1) provides:

> Whoever makes a false statement or representation, knowing it to be false, or knowingly fails to disclose a material fact, to obtain . . . any benefit . . . shall be liable to a fine of 25% of the amount fraudulently obtained . . . .

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

9
A-3102-23