123 N.J. Super. 263 (1973)
302 A.2d 530
DORIS E. FISCHER, APPELLANT,
v.
BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 27, 1973.
Decided March 22, 1973.
*265 Before Judges KOLOVSKY, MATTHEWS and CRAHAY.
Appellant Doris E. Fischer filed a brief pro se.
Messrs. Yankowitz & Tessler filed a brief for respondent Pressman, Frohlich & Frost, Inc.
Mr. George F. Kugler, Jr., Attorney General, filed a Statement in lieu of Brief on behalf of respondent Board of Review (Mr. I. Leo Motiuk, Deputy Attorney General, of counsel; Miss Mary Ann Burgess, Deputy Attorney General, on the brief).
PER CURIAM.
Appellant worked for almost 21 months as a sales (registered) representative of respondent Pressman, Frohlich & Frost, Inc., a broker engaged in the selling of stock, mutual funds and shares in oil ventures. On October 24, 1969 she was laid off because of lack of work. On October 30, 1969 she applied for unemployment compensation benefits and thereafter for 26 weeks received benefits totalling $1,690.
On September 22, 1971 appellant was notified by the Division of Employment Security that she had not been entitled to benefits and that her employer had "erroneously reported [her] commissions as wages."
On appellant's appeal to the Appeal Tribunal the administrative agency found that:
The employer for whom the claimant performed services during the base year of the claim was a broker engaged in the selling of stock, mutual funds and shares in oil ventures. The claimant received no salary. Her remuneration was based on the income that she produced as an agent for the employer. She received commissions based on a percentage of this income as compensation for her services.
The claimant performed no services for any other employer during the base year of her claim. *266 After referring to N.J.S.A. 43:21-19 (i) (7), which provides:
[T]he term "employment" shall not include:

* * * * * * * *
(J) Service performed by agents of mutual fund brokers or dealers in the sale of mutual funds or other securities * * * if the compensation to such agents for such services is wholly on a commission basis.
the Appeal Tribunal concluded:
Since the claimant's earnings were derived wholly from services performed as an agent on a commission basis, they are not earnings in employment and hence cannot be used in the computation of the weekly benefit amount or the maximum benefit amount of this claim.

* * * * * * * *
Since the claimant did not have 17 base weeks, or in the alternative, not earn $1,350.00 in employment during the base year, she did not meet the * * * provisions of the statute. The claim dated October 30, 1969 is invalid and the claimant is ineligible for unemployment benefits thereon.
Because the claim is invalid, the claimant is liable to repay the sum of $1,690 received as benefits for the 26 week period from October 30, 1969 through April 29, 1970.
The appeal before us is from the decision of the Board of Review which, on claimant's appeal, had affirmed the decision of the Appeal Tribunal.
We are satisfied from our review of the record that the evidence supports the findings of the administrative agencies and their conclusion that N.J.S.A. 43:21-19(i) (7) (J) precludes the recognition of the commissions earned by appellant as "earnings in employment." Plaintiff was therefore not eligible for benefits, see N.J.S.A. 43:21-4, 43:21-19(c) and (t), and despite her conceded good faith in applying for the benefits she received, she is obligated to refund them. The Division is not estopped from demanding the refund. The statute authorizes it to proceed to recover benefits improperly paid at any time within four years after the benefits in question were paid. N.J.S.A. 43:21-16(d).
*267 Appellant's obligation to refund is not affected by the fact her employer reported her commissions as wages and deducted from her "wages" and transmitted to the Division the "worker's" contributions provided for by N.J.S.A. 43:21-7(d).
The record before us does not disclose the total amount of employee's contributions so transmitted out of appellant's "wages." However, appellant would appear to be equitably entitled to a credit, against the $1,690 she is required to refund, in an amount equal to the total amount of her "contributions," subject however to the limitations set forth in N.J.S.A. 43:21-14(f) which reads as follows:
If not later than 2 years after the calendar year in which any moneys were erroneously paid to, or collected by the division, whether such payments were voluntarily or involuntarily made or made under mistake of law or of fact, an employer, employing unit, or employee who has paid such moneys shall make application for an adjustment thereof, the said moneys shall, upon order of the director, be either credited or refunded, without interest, from the appropriate fund. For like cause and within the same period, credit or refund may be so made on the initiative of the director.
Since more than two years have elapsed since appellant's "contributions" were made, she could not now successfully prosecute an independent application for refund or credit of the contributions erroneously made. Cf. Lazar v. Board of Review, 77 N.J. Super. 251, 261 (App. Div. 1962). Nevertheless, we are satisfied that the last sentence of N.J.S.A. 43:21-14(f), quoted above, mandated that when the Director decided, on September 22, 1971, that appellant's employer had erroneously reported appellant's commissions as salary  thus obligating her to refund the benefits she had received  that he, at the same time, on his own "initiative," proceed to credit appellant with such of her contributions as were made within the two-year period referred to in N.J.S.A. 43:21-14(f) which preceded September 22, 1971.
*268 The cause is remanded to the Board of Review with directions that the credit for contributions paid by mistake, to which appellant is so entitled, be determined and that the total of such credits be applied against the $1,690 which she is otherwise obligated to refund. As so modified, the decision of the Board of Review is affirmed. No costs on this appeal.