**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1065-22

LAURA WAGNER,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF
LABOR AND WORKFORCE
DEVELOPMENT and J.P.
MORGAN INVESTMENT
MANAGEMENT,

     Respondents.

_____

          Argued February 7, 2024 – Decided February 28, 2024

          Before Judges Accurso and Walcott-Henderson.

          On appeal from the Board of Review, Division of
          Unemployment Insurance, Department of Labor and
          Workforce Development, Docket No. 257891.

          Laura Wagner, appellant, argued the cause pro se.

          Eric Alexander Zimmerman, Deputy Attorney
          General, argued the cause for respondent Board of
          Review (Matthew J. Platkin, Attorney General,

attorney; Janet Greenberg Cohen, Assistant Attorney General, of counsel; Eric Alexander Zimmerman, on the brief).

PER CURIAM

Laura Wagner appeals from the final decision of the Board of Review disqualifying her from extended benefits provided under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), 15 U.S.C. §§ 9001 to 9141, and rendering her liable to refund $6,468 in Pandemic Unemployment Assistance (PUA) benefits mistakenly paid to her. Wagner contends she "was always in the window of eligibility to receive the extension of benefits." We disagree and affirm.

The essential facts are undisputed. Wagner was employed by J.P. Morgan Chase as a project manager from June 30, 2010, to May 10, 2018, when she was laid off. Wagner filed a claim for unemployment benefits on May 6, 2018, which established a weekly benefit rate of $681 and a maximum benefit amount of $17,706. She exhausted those benefits after twenty-six weeks on November 10, 2018.

At the time Wagner exhausted her benefits, the Division of Unemployment Insurance advised her there was no additional federal or State assistance available through unemployment insurance. The Division, however,

further advised that "[i]f, in the future, any additional unemployment benefits become available, all potentially eligible individuals will be notified." The Division also suggested Wagner "check for any potential federal or state extensions of Unemployment Insurance benefits or any updates on the situation by monitoring the Unemployment Insurance website at the Department of Labor and Workforce Development."

Wagner monitored the website as suggested. On April 12, 2020, having still not found work, Wagner saw the following on the Department of Labor website "Benefit Extensions" page:

> SCENARIO A: Do these describe you?
>
> 1. On a date after July 8, 2018, I filed for unemployment.
>
> 2. I have not worked since the dates in 2018-2020 when I collected unemployment.
>
> 3. I have exhausted my balance OR my benefit year ended on my most recent claim.
>
> 4. I did not receive 13 weeks of PEUC [Pandemic Emergency Unemployment Compensation] on any claim.
>
> If these describe you, certify for weekly benefits on your [illegible] PEUC will be added to an eligible claim automatically.

3

Believing she qualified for PEUC benefits after the start of the COVID-19 pandemic under "Scenario A," Wagner filed a claim on April 12, 2020, for extended benefits online. When she did not receive confirmation of that claim, she filed a new claim on April 19, 2020, also online. Several days later, Wagner received from the Department of Labor a document entitled: "Unemployment Insurance Instructions and Appointment Notice" advising Wagner she would claim unemployment benefits for the first time on April 29, 2020.

Wagner claims she did not collect benefits in April because she was "locked out of [her] account and unable to certify for 3 months." After seeking the assistance of her local senator, whose "office opened a case on [her] behalf with their liaison at the Department of Labor and unlocked [her] account," Wagner began receiving a weekly benefit of $231 in PUA benefits, which required either wages in 2019 and 2020 or an offer of employment withdrawn because of the pandemic. See 15 U.S.C. § 9025(a)(2)(A); 15 U.S.C. § 9025(a)(3)(A)(ii)(I)(ii). Wagner does not dispute that she was not eligible for PUA benefits.

Believing she should have been receiving the same level of benefits she received in 2018, Wagner again contacted her senator's office, which assisted

4

in setting up a "monetary appointment" in November 2020 to review her benefits. Shortly thereafter, Wagner received notices from the Department of Labor advising she was not eligible for the unemployment benefits she had received since filing in April 2020, and requesting a refund of the total sum of $6,468. The senator's office advised Wagner she received the notices in error and should ignore them.

In March 2021, the Department of Labor mailed Wagner a "Notice of Benefit Determination Pandemic Unemployment Assistance (PUA)" regarding her April 19, 2020 claim and her request for adjudication to increase the weekly benefit rate. The letter stated "[y]our claim has been reviewed and based on the information you provided, you do not qualify for an increase to your weekly benefit rate." Appellant subsequently obtained a hearing before the Appeal Tribunal on July 30, 2021, and testified to the facts presented here.

Following the hearing, the Appeal Tribunal affirmed the Department's decision that Wagner was not eligible for any pandemic-related extension of benefits. The Tribunal found Wagner exhausted her benefits on her May 6, 2018 claim on November 10, 2018, and was not entitled to PEUC on her 2018 claim because it was filed prior to July 8, 2018, meaning her benefit year expired prior to July 1, 2019. The Appeal Tribunal also found, and Wagner

A-1065-22

does not dispute, that she had not been attached to the labor market since May 10, 2018.[1] The Tribunal found Wagner ineligible for PUA benefits under the CARES Act because she did not fall into any of the categories necessary to receive PUA benefits enumerated by the statute. See 15 U.S.C. § 9021(a)(3)(A)(ii). Notwithstanding Wagner's receipt of PUA benefits in good faith, the Appeal Tribunal found the law unequivocally required Wagner repay the $6,468 in PUA benefits she received from April 25, 2020 through October 31, 2020. See Fischer v. Board of Review, 123 N.J. Super. 263, 266 (App. Div. 1973) (holding the claimant was obliged to refund erroneously paid unemployment benefits, notwithstanding she applied for them in good faith).

Wagner appeals, claiming the Department of Labor "incorrectly processed [her] benefit claim as a PUA, instead of the extension of benefits" for which she applied. She further argues "[t]he Scenario A website posting does not indicate that [she] needed all 4 bullet points to be eligible for an extension of benefits," and her receipt of unemployment benefits after July 1, 2018, "clearly placed [her] in the window" for receipt of PEUC benefits. Finally, she contends that the Department of Labor is seeking a refund in excess of the unemployment compensation she received by including in its

---

[1] Wagner advised at oral argument that she has since become reemployed.

demand the taxes the State withheld on each payment. We do not agree Wagner established her entitlement to benefits or that the Department of Labor's refund calculation is incorrect.

Our review of administrative agency decisions is limited. In re Stallworth, 208 N.J. 182, 194 (2011). The burden of proof in unemployment compensation proceedings is on the claimant seeking benefits. Makutoff v. Bd. of Rev., 427 N.J. Super. 218, 223 (App. Div. 2012). The agency's determination carries a presumption of correctness, and the claimant bears a substantial burden of persuasion. Gloucester Cnty. Welfare Bd. v. N.J. Civ. Serv. Comm'n, 93 N.J. 384, 390-91 (1983). "If the Board's factual findings are supported 'by sufficient credible evidence, [we] are obliged to accept them.'" Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997) (quoting Self v. Bd. of Rev., 91 N.J. 453, 459 (1982)). "Unless . . . the agency's action was arbitrary, capricious, or unreasonable, the agency's ruling should not be disturbed." Ibid.

Wagner's argument is not with the factfinder, it is with Congress. Scenario A on the Department of Labor's website was patterned on section 2107 of the CARES Act which allowed states to enter agreements with the United States Secretary of Labor to provide PEUC benefits to persons who:

> (A) have exhausted all rights to regular compensation under the State law or under Federal law with respect

to a benefit year (excluding any benefit year that ended before July 1, 2019); (B) have no rights to regular compensation with respect to a week under such law or any other State unemployment compensation law or to compensation under any other Federal law; (C) are not receiving compensation with respect to such week under the unemployment compensation law of Canada; and (D) are able to work, available to work, and actively seeking work.

[15 U.S.C. § 9025(a)(2)(A)-(D).]

There is no question but that Wagner exhausted her unemployment benefits in a benefit year that ended before July 1, 2019. Wagner filed for benefits on May 6, 2018, and her benefit year ended on May 4, 2019, per her May 2018 claim determination, when no federal or State extended benefits were available to her. Thus, she is statutorily ineligible for PEUC benefits under the CARES Act. That she was receiving unemployment compensation benefits during July through November of 2018 is immaterial because there is no dispute her benefit year ended on May 4, 2019 — almost two months before the statutory eligibility date for PEUC benefits established by Congress.

Wagner's claim that the Department miscalculated the amount she must refund requires no discussion. See R. 2:11-3(e)(1)(E). The schedule of overpayments the Department provided her states prominently that:

[g]arnishment and/or income tax amounts withheld were paid to other government agencies under your

8

> name and social security number.  We cannot recoup
> this money from the courts or the Internal Revenue
> Service once it has been withheld.  You are liable to
> this agency for these amounts.  Income tax amounts
> can be returned only to you as part of your federal
> income tax refund.

We find no miscalculation and no error in the demand for repayment under the version of the statute applicable at the time of decision.[2]  Our decision is without prejudice to any payment plan Wagner may seek to negotiate with the Department of Labor.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2]  The version of N.J.S.A. 43:21-16(d) in effect when the Board issued its decision required the repayment of mistakenly paid unemployment benefits regardless of whether the error was on the part of the agency.  N.J.S.A. 43:21-16(d) (2017) (amended July 13, 2023).  See also Bannan v. Bd. of Rev., 299 N.J. Super. 671, 674 (App. Div. 1997) (finding N.J.S.A. 43:21-16(d) "require[d] the full repayment of unemployment benefits received by an individual who, for any reason, regardless of good faith, was not actually entitled to those benefits").