**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1362-24

JULIO L. VASQUEZ,

      Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR, and
ARROW TREE SERVICE, INC.,

      Respondents.

_____

Submitted January 6, 2026 – Decided January 21, 2026

Before Judges Susswein and Augostini.

On appeal from the Board of Review, Division of Unemployment Insurance, Department of Labor and Workforce Development, Docket No. 368049.

Julio L. Vasquez, self-represented appellant.

Matthew J. Platkin, Attorney General, attorney for respondent Board of Review (Christopher Weber, Assistant Attorney General, of counsel; Christopher Chiacchio, Deputy Attorney General, on the brief).

PER CURIAM

Julio L. Vasquez appeals from a December 19, 2024 final agency decision of the Board of Review (Board), New Jersey Department of Labor and Workforce Development, Unemployment and Disability Insurance Services, affirming the decision of the Appeal Tribunal (Tribunal) denying his claim for unemployment benefits. We affirm.

I.

Vasquez worked full time as a groundskeeper with Arrow Tree Service, Inc. (Arrow), from October 2022 until February 16, 2024. On February 18, 2024, Vasquez filed for unemployment benefits. He received benefits for the weeks ending February 24, 2024 to March 9, 2024, totaling $1,638. In a notice of determination sent to Vasquez, he was advised he was disqualified for benefits because he "left work voluntarily on [February 24, 2024]." The notice further stated:

> You left your job voluntarily because of a transportation problem. Although a lack of transportation is a compelling reason for leaving, it is personal. Therefore, your reason does not constitute good cause attributable to the work. You are disqualified for benefits.

The agency requested that Vasquez refund those benefits.

Vasquez appealed the determination and the refund request to the Tribunal. On July 10, 2024, the Tribunal held a telephonic hearing in which

Vasquez and Bill Smithson, president and owner of Arrow, testified. Vasquez testified that he earned $25 an hour since he began working for the company in October 2022. In February 2024, he requested a few days off to find a new car, which Arrow approved. Although he denied quitting his job, he did not dispute that he failed to return to work after February 16, 2024, testifying that he "tried calling them back, but . . . they didn't [] answer."

Smithson confirmed that Vasquez's time off request had been approved, and that the company paid him for President's Day on February 19, 2024. Smithson testified that Vasquez was not fired and that he was free to return to work.

The Tribunal affirmed the Director's decision, finding that pursuant to N.J.S.A. 43:21-5(a) and N.J.A.C. 12:17-9.1(e)(1), Vasquez "voluntarily [left] work without good cause attributable to [such] work." Because the Tribunal found Vasquez did not return to work or contact his employer after February 16, 2024, it found him liable for an overpayment of $1,638 in benefits that he was not entitled to for the weeks under review.

Vasquez appealed to the Board. In its December 19, 2024 final agency decision, the Board determined that Vasquez was afforded a fair and impartial hearing and a complete opportunity to present evidence regarding his claim for

A-1362-24

unemployment benefits. The Board concluded there were no valid grounds for a further hearing and affirmed the Tribunal's decision. This appeal followed.

II.

Our scope of review of an administrative agency's final decision is limited. Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997) (citing Pub. Serv. Elec. & Gas Co. v. New Jersey Dep't of Envtl. Prot., 101 N.J. 95, 103 (1985)); Mazza v. Bd. of Trs., Police & Firemen's Ret. Sys., 143 N.J. 22, 25 (1995). "We review a decision made by an administrative agency entrusted to apply and enforce a statutory scheme under an enhanced deferential standard." E. Bay Drywall, LLC v. Dept. of Lab. & Workforce Dev., 251 N.J. 477, 493 (2022) (citing Hargrove v. Sleepy's, LLC, 220 N.J. 289, 301 (2015)). Accordingly, "we will disturb an agency's adjudicatory decision only upon a finding that the decision is 'arbitrary, capricious or unreasonable,' or is unsupported 'by substantial credible evidence in the record as a whole.'" Sullivan v. Bd. of Rev., Dept. of Lab., 471 N.J. Super. 147, 155-56 (App. Div. 2022) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980) (citing Campbell v. Dep't of Civ. Serv., 39 N.J. 556, 562 (1963))). "The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the [party] challenging the administrative

action." Lavezzi v. State, 219 N.J. 163, 171 (2014) (alteration in original) (quoting In re J.S., 431 N.J. Super. 321, 329 (App. Div. 2013)).

"'[I]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the factfinder could reasonably so conclude upon the proofs.'" Brady 152 N.J. at 210 (quoting Charatan v. Bd. of Rev., 200 N.J. Super. 74, 79 (App. Div. 1985) (citations omitted)).

The New Jersey Unemployment Compensation Law, N.J.S.A. 43:21-1 to -71, disqualifies an individual for benefits "[f]or the week in which the individual has left work voluntarily without good cause attributable to such work, and for each week thereafter until the individual becomes reemployed and works eight weeks in employment." N.J.S.A. 43:21-5(a). An employee who leaves work voluntarily has the burden of proving that the departure was for good cause attributable to work and not for personal reasons. Brady, 152 N.J. at 218 (citations omitted).

"'Good cause' is not statutorily defined," Trupo v. Bd. of Review, 268 N.J. Super. 54, 57 (App. Div. 1993) (quoting Domenico v. Bd. of Review, 192 N.J. Super. 284, 287 (App. Div. 1983)), and can be challenging to show. A claimant

who shows good cause attributable to work as the reason for his or her voluntary departure is entitled to benefits. Brady, 152 N.J. at 204.

For the first time on appeal, Vasquez alleges that he applied for unemployment benefits because his employer told him his hours would immediately be cut. However, he did not state this at the hearing, nor did he offer any evidence before the Tribunal that his hours were reduced or about to be reduced. Rather, he testified that after asking for "a couple of days off," he "tried going back, they gave me a whole big issue. So, what am I supposed to do? Life goes on, I gotta move forward."

The record shows that Vasquez requested time off to resolve his transportation issue, which Arrow approved, was paid for the President's Day holiday, and then stopped reporting for work. He offered no reason why he stopped showing up for work. Instead, he immediately filed for unemployment benefits and only contacted Arrow after those benefits ended.

We are satisfied there is substantial credible evidence in the record demonstrating that Vasquez was not involuntarily terminated from his job but rather, chose not to return to work. Thus, the Board correctly determined that he voluntarily left his employment without good cause attributable to work and was not entitled to unemployment benefits.

A-1362-24

N.J.S.A. 43:21-16(d) requires full repayment of unemployment benefits received by a person who has been disqualified from receiving such benefits. See Bannan v. Bd. of Rev., 299 N.J. Super. 671, 674 (App. Div. 1997) (citing Fischer v. Bd. of Rev., 123 N.J. Super. 263, 266 (App. Div. 1973)). We recognize the hardship an individual suffers when compelled to repay a sum of money to which they believed they were entitled, "but it is necessary to preserve the ongoing integrity of the unemployment compensation system." Id. at 675.

In this case, it is undisputed that Vasquez received $1,638 in unemployment benefits. Because we conclude the Board properly determined that Vasquez was disqualified from receiving those benefits, we are satisfied the Board also correctly determined that Vasquez was liable for repayment of the benefits he improperly received.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-1362-24