**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0511-24

OMAR PAGAN,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR AND
WORKFORCE DEVELOPMENT, and
LOOMIS ARMORED US, LLC,

     Respondents.

_____

Submitted December 11, 2025 – Decided March 17, 2026

Before Judges Mawla and Bishop-Thompson.

On appeal from the Board of Review, Division of Unemployment Insurance, Department of Labor and Workforce Development, Docket No. 295767.

Omar Pagan, self-represented appellant.

Matthew J. Platkin, Attorney General, attorney for respondent Board of Review (Sookie Bae-Park, Assistant Attorney General, of counsel; Kendall J. Collins, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Omar Pagan appeals from the August 28, 2024 final agency decision of the Board of Review (Board), affirming the decision of the Appeal Tribunal determining his ineligibility for unemployment benefits under the Unemployment Compensation Law (UCL), N.J.S.A. 43:21-1 to -71, and requiring him to refund $6,618 in benefits received prior to his ineligibility determination. We affirm.

Pagan was employed as an armored truck driver with Loomis Armored US, LLC, (Loomis) in Moonachie from August 2019 through July 23, 2021. On June 1, 2021, he notified Loomis of his plan to relocate to Florida in July and inquired about transferring to the Tampa branch. The New Jersey district manager advised Pagan a decision regarding his transfer might not be made before his relocation, as the final determination will be mad by the Tampa branch manager.

According to the record, Pagan was required to interview with the Tampa branch, but as of June 30, his interview and transfer approval had not occurred. He submitted his resignation letter on July 6, which was accepted the same day. Pagan last worked on July 22, called out sick on July 23, and relocated to Florida on July 24, 2021.

On July 25, Pagan filed for unemployment compensation, which established a weekly benefit rate of $731. From July 31, 2021, through November 13, 2021, Pagan received a total of $6,618 in unemployment benefits.

Thereafter, on August 5, 2021, the New Jersey district manager informed Pagan by email his transfer was denied because he did not keep the branch updated, had submitted a resignation letter and subsequently resigned, and did not complete a full two weeks of work following his resignation letter. Additionally, the Tampa branch manager denied Pagan's transfer and deemed him ineligible for rehire.

In a November 2021 letter, Pagan was disqualified from unemployment benefits as of July 25, 2021, due to his voluntary separation, which required a refund of benefits paid. Pagan timely appealed the determination. Following a telephone hearing on May 8, 2023, the Appeal Tribunal affirmed the disqualification under N.J.S.A. 43:21-5(a), finding Pagan voluntarily left work without good cause and was liable for a refund in the amount of $6,6618 for the benefits received from July 31, 2021, through November 13, 2021. Pagan again timely appealed. The Board affirmed the Appeal Tribunal's decision requiring a refund under N.J.S.A. 43:21-16(d), based on the existing record, and adjusted

the disqualification period to run from July 18, 2021, through November 13, 2021.

Pagan contends, for the first time on appeal, the Board erred in concluding he voluntarily resigned; the disqualification was arbitrary, capricious, and unreasonable; and he acted in good faith. It is well-settled that appellate courts "will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)). Neither exception applies here. For the sake of completeness, we address Pagan's argument to the extent necessary to provide closure in this matter.

Our scope of review of an administrative agency's final decision is limited. D.C. v. Div. of Med. Assistance & Health Servs., 464 N.J. Super. 343, 352 (App. Div. 2020); In re Stallworth, 208 N.J. 182, 194 (2011). "We review a decision made by an administrative agency entrusted to apply and enforce a statutory scheme under an enhanced deferential standard." E. Bay Drywall, LLC v. Dep't of Lab. & Workforce Dev., 251 N.J. 477, 493 (2022). Accordingly, "we will

A-0511-24

disturb an agency's adjudicatory decision only upon a finding that the decision is 'arbitrary, capricious[,] or unreasonable,' or is unsupported 'by substantial credible evidence in the record as a whole.'" Sullivan v. Bd. of Rev., Dep't of Lab., 471 N.J. Super. 147, 155-56 (App. Div. 2022) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)).

"[I]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the factfinder could reasonably so conclude upon the proofs." Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997) (quoting Charatan v. Bd. of Rev., 200 N.J. Super. 74, 79 (App. Div. 1985)). "The [UCL] 'protects not only workers who are involuntarily unemployed—those who are laid-off or terminated from their jobs by their employers—but also those who voluntarily quit their jobs for good cause attributable to their work.'" Ardan v. Bd. of Rev., 231 N.J. 589, 602 (2018) (quoting Utley v. Bd. of Rev., 194 N.J. 534, 543-44 (2008)). Under N.J.S.A. 43:21-5(a), a claimant "shall" be disqualified "[f]or the week in which the individual has left work voluntarily without good cause attributable to such work, and for each week thereafter until the [claimant] becomes reemployed and works eight weeks in employment."

A-0511-24

Pursuant to N.J.A.C. 12:17-9.1(b), "'good cause attributable to such work' means a reason related directly to the individual's employment, which . . . give[s] the individual no choice but to leave the employment." See Brady, 152 N.J. at 214. Further, "a [r]elocation to another [state] for personal reasons" unrelated to employment constitutes a voluntary separation from employment under N.J.A.C. 12:17-9.1(e)(6). See Self v. Bd. of Rev., 91 N.J. 453, 457-58 (1982).

Thus, a claimant bears the burden to establish good cause for leaving attributable to the work; failure to do so results in a disqualification from receiving benefits. Ardan, 231 N.J. at 602; N.J.S.A. 43:21-5(a). A claimant also bears "[t]he burden of demonstrating that the agency's action was arbitrary, capricious[,] or unreasonable rests upon the [party] challenging the administrative action." Lavezzi v. State, 219 N.J. 163, 171 (2014) (third alteration in original) (quoting In re J.S., 431 N.J. Super. 321, 329 (App. Div. 2013)).

The record demonstrates Pagan resigned solely because he was relocating to Florida. Contrary to his claim, Pagan's transfer was not approved, as he was not interviewed by the Tampa branch before submitting his resignation on July 6, 2021. Substantial credible evidence supports the finding Pagan voluntarily resigned: he reported to work on July 22, called out sick on July 23, and

relocated on July 24. Pagan's "purely personal reason" for leaving employment disqualifies him from receiving benefits. Brady, 152 N.J. at 213. Based on the record, we discern no error in the Board's decision Pagan is ineligible for unemployment benefits.

It is undisputed Pagan received $6,618 in unemployment benefits. Under N.J.S.A. 43:21-16(d), Pagan is required to make full repayment of unemployment benefits received because he was disqualified. See Bannan v. Bd. of Rev., 299 N.J. Super. 671, 674 (App. Div. 1997) (citing Fischer v. Bd. of Rev., 123 N.J. Super. 263, 266 (App. Div. 1973)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-0511-24